IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
VICTORIA DIVISION

| | | |
|---|---|---|
| LEON JOHNSON, | § | |
| TDCJ-CID # 885020, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. V-03-016 |
| | § | |
| MARTHA BURGESS, *et al.*, | § | |
| | § | |
| Defendants. | § | |

**MEMORANDUM OPINION AND ORDER**

Leon Johnson, an inmate of the Texas Department of Criminal Justice - Correctional Institutions Division (TDCJ-CID), has filed a civil rights suit under 42 U.S.C. § 1983 against TDCJ-CID Unit Classification Officer Martha Burgess, TDCJ-CID Assistant Warden Amado Iglesias, and other unnamed TDCJ-CID officials who were responsible for ordering Johnson's blood tests. Having examined the complaint and Johnson's court ordered More Definite Statement (Docket Entry No. 8), the court has determined that this action should be dismissed as frivolous.

Johnson complains that Burgess used verbal threats to coerce him into giving blood samples for DNA testing while he was incarcerated at the TDCJ-CID Stevenson Unit. Johnson contends that he did not meet the criteria for donating the samples and that he informed Burgess, along with Warden Iglesias, that he was ineligible before testing. Despite Johnson's statements, Warden Iglesias failed to conduct an investigation as to whether Johnson should be tested and made no effort to stop the blood sampling procedure which was administered on June 21, 2001. Johnson's blood test results were posted on the TDCJ-CID website and were also submitted to the Texas Department of Public Safety's (DPS) lab files.

TDCJ-CID later conducted an investigation and determined that Johnson had been inappropriately tested. Warden Iglesias sent Johnson a written memorandum, dated December 3, 2002 (*See* Step 1 Grievance attached to Complaint, Docket Entry No. 1), notifying him that a request for the destruction of Johnson's DNA sample had been sent to Huntsville. Six weeks later, Johnson received a second memorandum (*See* Step 2 Grievance attached to Complaint) assuring him that corrective action had been taken "rectify and destroy the DNA sample" taken from Johnson. *Id.*

Johnson admits that he did not suffer any disease or physical harm from the procedure other than the discomfort he experienced when he was stuck with the needle when his blood was drawn from him. However, he contends that his Fourth Amendment rights were violated by the illegal search and seizure. *See* More Definite Statement, Docket Entry No. 8, at 3. He further complains that his DNA information was placed on the internet and in the TDCJ-CID and DPS data bases. Johnson seeks $ 50,000 for pain and suffering, $ 50,000 for mental anguish, and $ 50,000 for punitive damages. He also seeks an injunctive order for the destruction of the DNA sample and the removal of the results from the DPS database.

Johnson's complaint concerns his right to privacy under the Fourth Amendment. *Groceman v. United States Dept. of Justice*, 354 F.3d 411, 413 (5th Cir. 2004), *citing Velasquez v. Woods*, 329 F.3d 420, 421 (5th Cir. 2003). The Supreme Court has held that inmates do not have a legitimate expectation of privacy while they are incarcerated. *Hudson v. Palmer*, 104 S.Ct. 3194 (1984). The Supreme Court has also observed that the taking of blood samples for testing and analysis has become an accepted practice in everyday life. *Skinner v. Railway Labor Executives' Ass'n*, 109 S.Ct. 1402, 1418 (1989), *citing Breithaupt v. Abram*, 77 S.Ct. 408, 410 (1957).

The TDCJ-CID officials were acting pursuant to Texas statutory law when they collected Johnson's blood sample. *See* TEX. GOVT. CODE ANN. § 411.148 (West 2001). Under that provision, TDCJ-CID inmates were required to provide blood samples or other specimens for the purpose of creating a DNA record if they were convicted of certain enumerated offenses or if they were ordered by a court to give samples. *Id.*[1] The Fifth Circuit has upheld the constitutionality of this statute. *See Velasquez*, 329 F.3d at 421. Moreover, other circuits have upheld similar statutes authorizing the collection of DNA data from felons. *Id. citing Roe v. Marcotte,* 193 F.3d 72, 78-82 (2nd Cir. 1999); *Shaffer v. Saffle,* 148 F.3d 1180, 1181 (10th Cir.1998); *Rise v. Oregon,* 59 F.3d 1556, 1559-62 (9th Cir. 1995); *Jones v. Murray*, 962 F.2d 302, 306-08 (4th Cir. 1992). In general, prison inmates do not have an expectation of privacy with regard to collection of DNA samples. *Groceman*, 354 F.3d at 413. Moreover, Johnson cannot prevail regarding his claims of emotional anguish because he fails to show that he suffered any physical harm from what appears to be an erroneous blood test. *See Herman v. Holiday*, 238 F.3d 660, 665 (5th Cir.2001) (conditions of confinement); *Jones v. Greninger*, 188 F.3d 322, 326 (5th Cir.1999)(failure to protect). Although Burgess and the other unnamed prison officials may have been incorrect in their assessment of Johnson's eligibility for blood testing, they cannot be held liable for carrying out their reasonably perceived duties where corrective action was taken when the mistake was discovered. *See Simmons v. City of Paris, Tex.*, 378 F.3d 476, 479 (5th Cir. 2004).

---

[1] Under the current statute, all TDCJ-CID inmates must submit DNA samples. *See* TEX. GOVT. CODE ANN. § 411.148 (West 2005).

Johnson's allegations against Warden Iglesias are not actionable because Iglesias cannot be held liable merely because he was in charge of employees who were making a good faith effort to carry out their duties.  *See Eason v. Thaler*, 73 F.3d 1322, 1327 (5th Cir. 1996).

The federal courts are authorized to dismiss frivolous complaints filed by prisoners.  28 U.S.C. § 1915(e); *Martin v. Scott*, 156 F.3d 578, 579 (5th Cir. 1998).  This action is frivolous because it lacks an arguable basis in law.  *Talib v. Gilley*, 138 F.3d 211, 213 (5th Cir. 1998).

<u>Conclusion</u>

The court **ORDERS** the following:

1.      This action, filed by Leon Johnson, TDCJ-CID # 885020, is **DISMISSED** because it is frivolous.  28 U.S.C. § 1915(e).

2.      The Clerk is directed to provide a copy of this Memorandum Opinion and Order to the parties; the TDCJ - Office of the General Counsel, P.O. Box 13084, Austin, Texas, 78711, Fax Number (512) 936-2159; and Betty Parker, United States District Court, Eastern District of Texas, Tyler Division, 2ll West Ferguson, Tyler, Texas 75702.

**SIGNED** on this  22nd day of February, 2006.


JOHN D. RAINEY
UNITED STATES DISTRICT JUDGE